UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Tampa Division)

Case No.: 26-cv-01367

NIGEL LUCOMBE,
individually and on behalf of all
others similarly situated,

      Plaintiff,

v.

HEALTH HOLDINGS COMPANY,
LLC D/B/A PALM MEDICAL
CENTERS,

      Defendant.

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULE 12(B)(6) WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Health Holdings Company, LLC d/b/a Palm Medical Centers ("Defendant"), by and through its attorneys, respectfully submits this Motion to Dismiss Plaintiff's Class Action Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) with Incorporated Memorandum of Law. In support thereof, Defendant states as follows:

### INTRODUCTION

Plaintiff, Nigel Lucombe ("Plaintiff"), filed a proposed class action against Defendant under the Telephone Consumer Protection Act ("TCPA"), 47

1

U.S.C. § 227. Plaintiff alleges that, between June 19, 2025, and September 27, 2025, Defendant made more than one "telephonic solicitation" to Plaintiff's cellular telephone number in a 12-month period, including "marketing messages," despite Plaintiff's allegation that his number had been registered on the National Do Not Call Registry since approximately November 12, 2019. (Complaint, ¶ 12-16) Plaintiff asserts a claim under 47 C.F.R. § 64.1200(c) through the private right of action in 47 U.S.C. § 227(c)(5) (Complaint, ¶¶ 33-40), and seeks to represent a nationwide class (Complaint, ¶¶ 27-32). As set forth below, Plaintiff's pleading is deficient and fails to state a plausible claim under Rule 12(b)(6).

## BACKGROUND

In his Class Action Complaint, Plaintiff contends that Defendant made more than one "telephone solicitation" to Plaintiff's cellular telephone number within a 12-month period, including by transmitting "telemarketing messages," and that Plaintiff's number had been registered on the National Do Not Call Registry (Complaint, ¶¶ 12-16). Plaintiff asserts a claim under the TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), through the private right of action found at 47 U.S.C. § 227(c)(5). (Complaint, ¶¶ 33-40). Plaintiff seeks to represent a nationwide class of persons defined as:

> **All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one call within any 12-month period; (3) where the person's**

2

**telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

(*Id.* ¶ 22, emphasis added).

On behalf of the proposed class, Plaintiff seeks money damages and equitable relief. (Complaint, Page 10).

## LEGAL STANDARD UNDER RULE 12(b)(6).

A complaint fails under Rule 12(b)(6) if it does not provide enough information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept well-pleaded facts as true, but "do not . . . accept as true unwarranted deductions of fact or legal conclusions." *Henry v. Jones*, 484 F. App'x 290, 291 (11th Cir. 2012) (internal quotations and citation omitted).

## ARGUMENT

3

First, Plaintiff's case should be dismissed because this is the second time that he has brought these same claims or related claims, and he now wants a second bite at the apple.

Second, following the Supreme Court's elimination of Chevron Deference, many courts have held that the private right of action under the TCPA for unlawful telephone solicitations does not extend to text messages. Cases like *El Sayed v. Naturopathica Holistic Health, Inc.*, 2025 LX 468945 (M.D. Fla. 2025)[1], and *Lopresti v. Nouveau Essentials Mktg. LLC*, 2026 U.S. Dist. LEXIS 39599 (M.D. Fla. Feb. 26, 2026), affirms this conclusion. In this context, the Plaintiff's allegations are unfounded if the TCPA does not apply to text messages. These recent rulings by this Court make clear that a text message is not a telephone call under the TCPA, rendering claims based solely on text messages insufficient for relief. For example, in *El Sayed*, the court stressed that "the statutory text here is clear, and a text message is not a 'telephone call,'" citing *Davis*, 2025 U.S. Dist. LEXIS 167366, 2025 WL 2491195 at *1; see also *Lopresti v. Nouveau Essentials Mktg. LLC*, 2026 U.S. Dist. LEXIS 39599, *11-12 (holding that claims under 47 U.S.C. § 227(c) and 47 U.S.C § 227(b) based on text messages fail as a matter of law). Therefore, the Plaintiff's case lacks merit, and the claims should be dismissed.

---

[1] The undersigned represented Naturopathica Holistic Health, Inc. in the above referenced matter, and the Plaintiff's allegations in that case were similar to the one at hand, in that the claims arose solely from text message communications. The Court observed that those claims could not prevail in light of the Supreme Court's vacation of Chevron Deference.

**I.     THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF ALREADY LITIGATED THIS DISPUTE AGAINST THIS DEFENDANT IN THIS DISTRICT, AND RES JUDICATA BARS A SECOND BITE AT THE APPLE.**

The case at hand is Plaintiff's second attempt to bring these same claims against Defendant. In January of this Year, Plaintiff filed his complaint ("Prior Complaint") in *Lucombe v. Health Holding Company, LLC*, No. 8:26-cv-00038 ECF No. 1 (M.D.FL. Jan. 7, 2026) ("Prior Lawsuit"). In the Prior Lawsuit, Plaintiff seeks the same relief for the same text messages that Plaintiff alleges violated the TCPA in this lawsuit. (Prior Complaint, ¶¶ 13-28). The Prior Lawsuit was dismissed with Prejudice due to the Plaintiff's failure to correct pleading errors. *Lucombe v. Health Holding Company, LLC*, No. 8:26-cv-00038 ECF No. 9 (M.D.FL. Feb. 9, 2026). After already losing once in the Federal Court, it appears that Plaintiff sought to get a second bite at the apple in this lawsuit. However, such a result is not allowed under applicable law.

Res judicata applies in the Eleventh Circuit when four elements are met, and it bars claims that were or could have been raised earlier Under Eleventh Circuit law, claim preclusion (res judicata) bars a subsequent suit when: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties (or their privies) are identical in both suits; and (4) the same cause of action is involved in both cases. *Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013). The Eleventh Circuit applies a transactional approach

5

to the "same cause of action" element: if the later case arises out of the same nucleus of operative facts or is based on the same factual predicate, it is the same claim for res judicata purposes, and res judicata bars not only the precise legal theory previously asserted but all claims arising from the same nucleus of operative fact that could have been raised in the prior action. *Baloco v. Drummond Co.*, 767 F.3d 1229, 1247 (11th Cir. 2014).

> **A.** **The Court may decide res judicata on a Rule 12(b)(6) motion based on judicially noticeable court records.**

Although res judicata is an affirmative defense ordinarily raised under Federal Rule of Civil Procedure 8(c)(1), the Eleventh Circuit permits it to be raised at the motion-to-dismiss stage where the defense can be evaluated from the face of the complaint, including documents attached to the complaint and matters subject to judicial notice such as state and federal court records of prior proceedings. *Harrell v. Bank of Am., N.A.*, 813 F. App'x 397, 400 (11th Cir. 2020). Accordingly, the Court may consider the docket and orders from Plaintiff's prior Middle District of Florida action against this same Defendant in evaluating claim preclusion at this stage. *Id.*

> **B.** **The prior federal action involved the same parties and was adjudicated by a court of competent jurisdiction.**

The docket reflects that Plaintiff Nigel Lucombe previously sued Health Holding Company LLC (doing business as Palm Medical Center) in the United

States District Court for the Middle District of Florida, Tampa Division, Case No. 8:26cv38. That Prior Lawsuit was adjudicated in a federal district court of competent jurisdiction, satisfying the first element of res judicata. *Palmer*, 713 F.3d at 1311.

  **C.** *The present action should be dismissed because the prior case resulted in a final judgment on the merits, or, at minimum, Plaintiff cannot relitigate claims that could have been litigated in the prior action.*

Res judicata requires a final judgment on the merits. *Id.* In the Eleventh Circuit, a dismissal with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is an adjudication on the merits for res judicata purposes. *Jackson v. United States*, 875 F.3d 1089, 1091 n.4 (11th Cir. 2017). Here, the prior docket shows the Court dismissed Plaintiff's Prior Complaint for failure to comply with the Court's directives and warned that failure to timely amend would result in dismissal with prejudice; Plaintiff then sought leave to file a second amended complaint out of time, and the Court denied that motion and closed the case.

On this record, Defendant submits that the Prior Lawsuit's closure following denial of leave to amend, after Plaintiff was expressly afforded a final opportunity to correct deficiencies, constitutes the type of final disposition that

triggers claim-preclusion principles and prevents Plaintiff from attempting to restart the litigation through a new filing. See, *Palmer*, 713 F.3d at 1311.

> **D.**     **The "same cause of action" element is satisfied where the later suit arises from the same nucleus of operative facts, even if Plaintiff attempts to repackage the theory.**

The Eleventh Circuit looks to substance over form and asks whether the later claims arise from the same nucleus of operative facts or factual predicate such that the later claim could have been effectively litigated in the earlier action. *Baloco v. Drummond Co.*, 767 F.3d 1229, 1247 (11th Cir. 2014); *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1330 (11th Cir. 2024). Thus, even if Plaintiff attempts to refine allegations or adjust legal labels, res judicata bars all claims arising from the same operative nucleus of fact that were or could have been raised in the prior action. *Drummond Co.*, 767 F.3d at 1247. Since the Plaintiff previously sued this Defendant in the same District over these identical claims and the case has now been closed, the Plaintiff is not permitted to file a second lawsuit on the same underlying dispute. *Id*.

For the foregoing reasons, and in addition to the grounds stated in Defendant's Motion to Dismiss, the Court should dismiss the Complaint as barred by res judicata (claim preclusion). *Palmer*, 713 F.3d at 1311; *Id*.

## II. PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM UNDER 47 U.S.C. § 227(c)(5) AND 47 C.F.R. § 64.1200(c).

Next, Plaintiff's claims are brought pursuant to the private right of action granted by Section 227(c)(5) of the TCPA (Dkt. 1 ¶41-42 & 47-48). Plaintiff's claims must be dismissed, as Section 227(c)(5) of the TCPA does not apply to text messages and only creates a cause of action for a "telephone call". *El Sayed*, 2025 U.S. Dist. LEXIS 209469 at *3. As the Eleventh Circuit put it, "[t]he TCPA is completely silent on the subject of unsolicited text messages", but the FCC has applied the TCPA regulations to text messages. *Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019), *abrogated on other grounds by Drazen v. Pinto*, 74 F.4th 1336 (11th Cir. 2023). But, "it is ***only through the rulemaking authority of the FCC*** that the voice call provisions of the TCPA have been extended to text messages." *Salcedo*, 936 F.3d at 1169 (emphasis added). After *Loper* and *McLaughlin Chiropractic*, the Court owes no deference to FCC edicts and must interpret the TCPA in accordance with ordinary principles of statutory construction. See generally, *El Sayed*, 2025 U.S. Dist. LEXIS 209469. If the Court is no longer required to defer to the FCC, the interpretation is straightforward: "a text message is not a 'telephone call.'" *El Sayed*, 2025 U.S. Dist. LEXIS 209469 at *3. Therefore, since a text message is not a "telephone call," Plaintiff's Complaint should be dismissed with prejudice, because it fails to state a claim.

### A. There is No Basis to Read TCPA as Applying to Text Messages

### *Other Than the FCC Deference.*

Section 227(c) of the TCPA, which is the basis for Plaintiff's claim, provides a private right of action to "[a] person who has received more than one *telephone call* within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5) (emphasis added). Section 227(c) does not mention text messages, despite the TCPA itself distinguishing between telephone calls and text messages in other sections. *See* 47 U.S.C. § 227(e).

In 2002, the FCC released a Notice of Proposed Rulemaking to update the TCPA, addressing "[n]ew technologies" that had emerged since the law's original enactment. *See Notice of Proposed Rulemaking*, 17 FCC Rcd 17459, ¶ 1 (2002) ("2002 NPRM"). Then, in 2003, the FCC dictated that the term "call" under the TCPA "encompasses both voice calls and text calls."[2] *In Re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014 ¶ 165 (2003) ("2003 Order"). The FCC did not cite a statutory basis or other authority for its decree that a text message was a "call." *See id.* Instead, the FCC's unilateral enactment of this decree was grounded in its subjective interpretation of the TCPA's goals. *See id.* In response, courts aligned themselves one after another, under the belief that they

---

[2] To be clear, the FCC only addressed text messages in the context of a "call" under Section 227(b) rather than a "telephone call" under Section 227(c), which further supports Defendant's overall argument.

10

were required to defer to the FCC edicts. *See, e.g.*, *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1305 (11th Cir. 2015) (deferring to the FCC's 2003 Order); *Northrup v. Innovative Health Ins. Partners, LLC*, No. 8:17-CV-1890-T- 36JSS, 2019 WL 1783581, at *2 n.4 (M.D. Fla. Jan. 3, 2019) (same). Trial courts were perceived as having no authority to challenge the FCC's interpretation. *See Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1121 (11th Cir. 2014).[3] However, as discussed herein, this deference to the FCC is no longer required.

### B.     Courts Are No Longer Required to Defer to FCC.

The Supreme Court recently eliminated *Chevron* deference in its pivotal decision *Loper Bright Enterprises v. Raimondo*. 603 U.S. 369 (2024). *Loper* restored courts to their traditional role "to decide whether the law means what the agency says." *Id.* at 392. Courts must utilize "the reading the court would have reached if no agency were involved." *Id.* at 400 (internal quotations and citation omitted). Critically, "every statute's meaning is fixed at the time of enactment." *Id.* (internal quotations and citation omitted). Furthermore, the Supreme Court recently specifically addressed the TCPA when it ruled in *McLaughlin Chiropractic* that district courts are not "bound by the FCC's interpretation of the TCPA and must instead interpret the law using 'ordinary principles of statutory interpretation.'"

---

[3] Note however, that the 11th Circuit observed that the TCPA is "completely silent" on text messages, and only through the FCC's rulemaking have the TCPA's voice call provisions been extended to include them. *Salcedo*, 936 F.3d at 1169.

*McLaughlin Chiropractic*, 606 U.S. at 155. This ruling is significant because, it flips the previous readings of the TCPA on their head and now mandate that the Court interpret the TCPA to find the most accurate interpretation *as written*, without being limited by the FCC's views and interpretations. *Id*.

Since deference to the FCC is no longer required, the Court should analyze the TCPA under traditional principles of statutory interpretation. *McLaughlin Chiropractic*, 606 U.S. at 155; *El Sayed*, 2025 U.S. Dist. LEXIS 209469 at *3; *Davis*, 2025 WL 2491195 at *4.

### C.    This Court Has Not Extended the Interpretation of "Telephone Call" to Include Text Messages.

"In interpreting a statute, we start with the plain language of the provisions to be interpreted." *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1303 (11th Cir. 2008). The relevant TCPA statute here refers to a "telephone call". "[U]nless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979). "If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Silva*, 443 F.3d 795, 797-98 (11th Cir. 2006). Here, the only relevant question is whether a "text message" is the same thing as a "telephone call" under any ordinary, normal sense of the word.

This Court has already analyzed whether a "text message" is a "telephone call" and ruled that text messages do not qualify as 'telephone calls' under 47 USCS

12

§ 227(c)(5) of the TCPA. *El Sayed*, 2025 U.S. Dist. LEXIS 209469 at *3. In *El Sayed*, your honor noted that in typical American English, a text message and a telephone call are distinct forms of communication. *Id*. On top of that, the Court noted that Congress appears to deliberately omit text messages from the relevant provisions herein, supporting the view that a text message is not actionable under 47 USCS § 227(c)(5) of the TCPA. *Id*. Taking this together, the statutory language of 47 USCS § 227(c)(5) "is clear" that a "text message is not a 'telephone call'". *Id*. This ruling was likewise affirmed by Judge Lammens, of this Court, last month. *Lopresti v. Nouveau Essentials Mktg. LLC*, 2026 U.S. Dist. LEXIS 39599, *10-11.

In fact, most United States District Courts in Florida have ruled that 47 USCS § 227(c) does not permit a Plaintiff to bring a claim for violations arising from a text message. *Davis v. CVS Pharmacy, Inc.*, 2025 WL 2491195, at *4; *Harriel v. Bealls, Inc.*, 2025 WL 2379617 (M.D. Fla. Aug. 15, 2025); *El Sayed*, 2025 U.S. Dist. LEXIS 209469 at *3; *Lopresti*, 2026 U.S. Dist. LEXIS 39599, at *10-11; *James v. Smarter Contact, Inc.*, No., 2026 LEXIS 197686, at *12 (M.D. Fla. Mar. 31, 2026); but see, *Glasel v. Office Depot, LLC*, 2025 U.S. Dist. LEXIS 598156, at *7 (S.D. Fla. Nov. 25, 2025). This Court's rulings, and those of many others, are clear that "text messages are not telephone calls." Section 227(c)(5). Thus, they are not actionable under Section 227(c)(5) of the TCPA. *Davis*, 2025 WL 2491195 at *4; *El Sayed*, 2025 U.S. Dist. LEXIS 209469 at *3; *Smarter Contact, Inc.*, No., 2026 LEXIS 197686, at *12.

Here, the Plaintiff's allegations are based only on text messages. Since this Court has already ruled that text messages are not actionable under Section 227(c)(5) of the TCPA, Plaintiff's claims should be dismissed in their entirety for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to (i) dismiss Plaintiff's Complaint with prejudice; and (ii) award all other relief it deems equitable and just.

**ZUMPANO CASTRO, LLC**
617 W Lumsden Road
Brandon, FL 33511
Telephone: (305) 503-2990
Facsimile: (305) 774-5908
Email:Garrett.Roberts@zumpanocastro.com
Email: joseph.ruiz@zumpanocastro.com
Email: nikki.marrero@zumpanocastro.com

By: /s/
**GARRETT L. ROBERTS, ESQ.**
Counsel, Florida Bar No.: 1038482
**JOSEPH R. RUIZ, ESQ.**
Florida Bar No. 65732

ATTORNEYS FOR
HEALTH HOLDINGS COMPANY, LLC
D/B/A PALM MEDICAL CENTERS

14

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2026 that a true and correct copy of the foregoing was filed via the Court's CM/ECF system which served a copy on all counsel of record.

By: */s/ Garrett L. Roberts*
**GARRETT L. ROBERTS, ESQ**.

15